UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Case No: 6:17-cv-886-Orl-18TBS

GAMAL S. BADREG,

    Defendant.

## ORDER

This matter comes before the Court on Plaintiff's Motion for Default Judgment (Doc. 10). Defendant has not opposed the motion and the time within to do so has expired. For the reasons that follow, I respectfully recommend that the motion be **granted**.

### I. Background

The government alleges that Defendant, a naturalized United States citizen, operates Vosges of America, Inc. ("Vosges") in Miami, Florida, which sells medical supplies to hospitals in the Middle East (Doc. 1 at ¶ 8). In 2002, Defendant opened (and was the beneficial owner of) a bank account at the Union Bank of Switzerland, now UBS AG (Id. at ¶¶ 10-11). Defendant "made various transfers and check requests for the account ... met with UBS representatives regarding his holdings ... and signed a series of documents requesting that UBS destroy correspondence with him regarding the account" (Id. at ¶¶ 12-13). Most of Vosges' income is derived from Defendant's family's business, Al-Rihan Medical ("Al-Rihan"), which is owned by his sister (Id. at ¶¶ 9, 16). Between 2003 and 2006, an Al-Rihan related entity deposited funds into Defendant's UBS account, and in 2008, Defendant held a high balance of $2,255,890 in the account (Id. at ¶¶14-15).

The government contends that Defendant transferred the majority of the money to: "(i) another account he held at Emirates Islamic Bank, Dubai; (ii) to Global Vos Tech Int., a company owned by his father (who is now deceased), his mother, and his sister; and (iii) Al-Rihan" (Id. at ¶ 16). In March, 2009, UBS told Defendant that the U.S. Department of Justice was investigating account holders for possible tax evasion and recommended he voluntarily disclose his account information to the government (Id. at ¶ 17). Two months later, Defendant made a final fund transfer to Al-Rihan and closed his UBS account (Id. at ¶ 18).

The government claims that Defendant failed to disclose the UBS account to his accountant until 2011 and failed to include any income from the UBS account on his 2004-2008 year tax returns (Id. at ¶ 20). For example, "[i]n 2008 alone, [Defendant] failed to report [to the Department of Treasury] over $400,000 in income from his UBS account." (Id. at ¶¶ 20-23). "Despite the UBS account having a high balance of more than $2 million in 2008, [Defendant's] late filed [Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts] FBAR for tax year 2008 reported only $903,130.00 and [Defendant] refused to supply any account statements for the UBS account or his account at the Emirates Islamic Bank." (Id. at ¶ 23).

In response to Defendant's refusal to file the mandatory FBAR report for calendar year 2008, the Internal Revenue Service assessed a civil penalty of $100,000.00 against Defendant, pursuant to 31 U.S.C. § 5321(a)(5) (Id. at ¶ 27). Defendant was given notice of the assessment and demand for payment (Id. at ¶ 28). In its complaint, the government acknowledges that since the assessment was levied, Defendant has made several payments to the IRS, however, $68,191.83 (comprised of the penalty and interest) remain unpaid (Id. at ¶¶ 29-30). On May 17, 2017, the government filed this action to reduce the

civil penalty to judgment, pursuant to 31 U.S.C. § 5321(a)(5) (Id. at ¶ 30). The government asks the Court to also award accrued interest from December 2, 2016 through the date of payment, as well as court costs and associated fees (Id.).

Defendant failed to respond to the complaint and on June 28, 2017, the government moved for entry of a clerk's default (Doc. 8), which was entered the next day (Doc. 9). Now, the government asks the Court to enter default judgment against Defendant in the amount of $44,191.83 as of July 18, 2017, plus interest accrued through the date of payment (Doc. 10). Defendant has failed to respond to the motion and the time within to do so has expired (Docket).

## II. Discussion

### A. Entry of Default

As an initial matter, I find that the entry of default by the Clerk was proper. Court clerks are required to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner…" Kelly v. Florida, 233 F. App'x. 883, 885 (11th Cir. 2007) (citing FED. R. CIV. P. 55(a)).

Federal Rule of Civil Procedure 4(e) provides that an individual may be served by giving a copy of the summons and complaint to the individual personally; giving a copy of the summons and complaint to an age-appropriate person who lives at the individual's "dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by law" to receive process; or by a manner permitted under the laws of the state in which the federal district court is located for an action brought in a court of jurisdiction in that state or in the state wherein service is made. FED. R. CIV. P. 4(e).

The Return of Service on file states that on May 25, 2017, the process server served Saeed Badreg, who is over the age of fifteen, at Defendant's usual place of

abode: 9001 Southern Breeze Drive, Orlando, FL 32836. (Doc. 7). Service on this defendant complies with the federal rules (FED. R. CIV. P. 4(e)) and the rules of the State of Florida (FLA. STAT. § 48.031(1)(a)). Pursuant to Federal Rule of Civil Procedure 12, Defendant was required to file a response by June 15, 2017. See FED. R. CIV. P. 12(a)(1)(A)(i). Defendant has not responded to the government's complaint and the time within to do so has expired. Therefore, I find that default was properly entered.

### B. Servicemembers Civil Relief Act

The Servicemembers Civil Relief Act ("SCRA") does not bar entry of default judgment against Defendant. The affidavit of the process server confirms that Defendant "is not an active duty member of the U.S. Armed Forces," as defined in 10 U.S.C. § 101(a)(4) (Doc. 7). Defendant's status is further confirmed by the copy of the Department of Defense's "Status Report" and the declaration of Joanna L. Barry, which are both attached to the motion (Doc. 10-2). This is sufficient to satisfy the SCRA's affidavit requirement. See Branch Banking and Trust Co. v. Chalifoux Bus. Park, LLC, Case No. 6:15-cv-2005-Orl-31TBS, 2016 WL 1238746, at *2 (M.D. Fla. Mar. 10, 2016); see also 50 U.S.C. § 3931.

### C. Entry of Default Judgment

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. Id. In defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Id. (footnote omitted).

If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." Id. at 1544 (quoting United Artists Corp. v. Freeman, 605 F.2d 854 (5th Cir. 1979) (per curiam)).

### 1. Well-Pleaded Allegations

United States citizens are required to pay taxes on their gross income, regardless of where it is earned. See 26 U.S.C. § 61(a). To comply with this requirement, individuals must voluntarily report their interests in financial accounts held overseas by completing (a) Schedule B, Part III, Line 7 of the Form 1040 individual tax return and (b) an FBAR, if the balance in the foreign account is greater than $10,000. See 31 C.F.R. § 1010.306(c). The IRS is permitted to assess a civil penalty against any individual who fails to report his interest in a foreign account on an FBAR. See 31 C.F.R. § 1010.810(g). If the individual's failure to pay is deemed to be willful, then the IRS has the discretion to assess a

maximum penalty of $100,000 or 50 percent of the balance in the foreign account at the time of the violation, whichever is greater. 31 U.S.C. § 5321(a)(5)(C)-(D).

The well-pleaded allegations of fact in the government's complaint establish that (1) Defendant became a naturalized United States citizen in 2000 and was the owner and operator of a bank account at the Union Bank of Switzerland, now UBS AG; (2) that in 2008, the monthly balance in his account exceeded $2 million; and (3) that he failed to include any of this foreign income on his tax returns or report it on an FBAR, as required by law (Doc. 1 at ¶¶ 7-20). The government further alleges that Defendant willfully attempted to evade the reporting requirement by failing to disclose the foreign account to his income tax preparer, instructing UBS to destroy his correspondence, and by transferring funds and closing the account instead of voluntarily reporting its existence as recommended by UBS (Id. at ¶¶ 13, 18, 20). By virtue of the default, Defendant has admitted the government's well-pled allegations. Nishimatsu, 515 F.2d at 1206. Therefore, I conclude that the government has adequately established its claim that Defendant willfully failed to report the earnings in his Swiss bank account.

### 2. Damages

The government assessed a civil penalty of $100,000 against Defendant for his willful failure to report; and even though Defendant has made some payments, $44,191.83, of the penalty still remains unpaid (Doc. 10).The amount requested is substantiated by the declarations of IRS revenue agent, Araceli Pardenila and Department of Justice Tax attorney, Joanna L. Barry, as well as the copy of the IRS's certified official record attached to the motion (Doc. 10-1; Doc. 10-2). On this record, I respectfully recommend the Court award the government damages in the amount of

$44,191.83, "which represents the penalty plus interest and associated fees." (Doc. 10 at 4; Barry Decl., Doc. 10-2)

### D. Costs

In its complaint, the government made a demand for the costs of this action (Doc. 1 at ¶ 30(a)), but no such demand was made in the motion for default judgment. The filing fee was waived (Doc. 1; Docket), and it is unclear what other costs were incurred by the government in the prosecution of this action.

## III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the district judge

(1) **GRANT** the government's motion for default judgment (Doc. 10);

(2) Direct the Clerk to **ENTER** judgment against Defendant in the amount of $44,191.83; and

(3) Give the government fourteen (14) days from the rendition of its order to **SUBMIT** a bill of costs or a notice that it does not seek costs in this action.

## IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 28, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties